BOYER, Chief Judge
(dissenting).
I would grant the motion. On December 12, 1974, Equibank (plaintiff in the trial court and appellant here) filed a complaint to foreclose a mortgage, naming as defendants numerous parties, corporate and individual, including S. Perry Penland and Sybil Penland, appellees here.
On March 26, 1975, the trial judge entered a final judgment granting a motion of Penlands for a judgment on the pleadings in their favor.
On the same date (March 26, 1975) the trial judge entered another order by which he denied an oral motion of Equibank for leave to file a reply to the affirmative defenses asserted by Penlands in their answer to the complaint for foreclosure.
On April 15, 1975, notice of appeal was filed seeking review of both the final judgment and the above mentioned order.
According to an exhibit attached to the response filed herein by Equibank to the motion to dismiss filed by Penlands, a commitment letter was issued by Equibank on August 1, 1975, to one Neil F. Bayne by which Equibank agreed pursuant to the terms thereof to lend certain monies to Bayne to be secured by a first mortgage encumbering the property which was the subject matter of the foreclosure proceeding. The commitment is clearly between Equibank and Bayne. However, the scrivener and typist of the letter of commitment provided at the botton of the last paragraph thereof two lines for the signatures of Penlands, following a short paragraph which provided:
“S. Perry Penland and Sybil Penland join in the execution of this Commitment subject to a final determination in the pending appeal, in which event if found to be relieved from their obligations under the existing loan this acceptance as to the Penlands’ will have no force and effect; and provided further that this acceptance shall in no way ever serve to increase any liability or obligation of the Penlands, if any.”
Thereafter, on October 8, 1975, Equi-bank filed a voluntary notice of dismissal in the above mentioned foreclosure action, in which it is recited that the cause is voluntarily dismissed “without prejudice as to the following named Defendantsnam-ing Penlands and 25 other defendants, including Bayne.
On October 18, 1975, Penlands filed a motion to dismiss this appeal on the ground that voluntary dismissal of the cause from whence this appeal emanated rendered the appeal moot.
Equibank now seeks to avoid dismissal of this appeal on the ground of mootness, relying solely upon that portion of the language which appears at the bottom of the commitment letter between Equibank and Bayne which provides:
“S. Perry Penland and Sybil Penland join in the execution of this Commitment *741 subject to a final determination in the pending appeal, * * *”
However, in so doing Equibank overlooks the concluding clause of the same writing:
“and provided further that this acceptance shall in no way ever serve to increase any liability or obligation of the Penlands, if any.”
Further, if the entire first compound clause of said writing is read in its entirety:
“S. Perry Penland and Sybil Penland join in the execution of this Commitment subject to a final determination in the pending appeal, in which event if found to be relieved from their obligations under the existing loan this acceptance as to the Penlands’ will have no force and effect;”
it becomes clear that the recitation regarding the “final determination of the pending appeal” was not for the purpose of preserving any right to Equibank but was, rather, a predicate for the next clause which relieves Penlands from any obligation under the terms of the commitment.
Analyzing the pending appeal in this case there are only two possibilities if the case continues and is not dismissed: af-firmance and reversal.
If the final judgment and order of the trial judge here appealed are affirmed then the case is concluded in favor of appellees Penlands.
Should we reverse, there is no cause pending in the trial court to which we may remand; it has been dismissed, specifically naming Penlands.
It is apparent that on and after October 8, 1975, there was and is no pending cause in the Circuit Court of Duval County from whence this appeal emanated.
Surely, this Court may not reverse and yet maintain the cause here for further proceedings.
The cause has been dismissed. There is no place for our mandate to go and no one to command.
Equibank now seeks to preserve its position by asserting that since the appeal in this Court deprived the trial court of jurisdiction it was without authority to dismiss the foreclosure action. Such contention misses the point. The trial court did not exercise nor attempt to exercise jurisdiction. It entered no order. The dismssal was voluntary and was by Equibank. This, in the absence of objection by an affected pary, Equibank had the right to do. There has been no objection. Further, Equibank should not be heard to claim its own act (voluntary dismissal) was a nullity.
This appeal is moot. I would grant Pen-lands’ motion to dismiss.